**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ROBERT MAGEE, et al.,

     Plaintiffs,

         v.                       CIVIL NO.: 12-1738 (MEL)

BEA CONSTRUCTION, CORP., et al.,

     Defendants.

**OPINION AND ORDER**

Pending before the court is defendants' motion to dismiss under Rule 12(b)(6) and (7) of the Federal Rules of Civil Procedure.[1]  (D.E. 9).  For the reasons set forth below, defendants' motion to dismiss is **DENIED**.[2]

**I.**      **RULE 12(B)(6)**

Under Rule 12(b)(6), defendants argue first that plaintiffs entered into a contract only with BEA Construction Corp., not C. William Dey or Abigail González.  In support, defendants attach eleven exhibits (D.E. 9-1 to 11), which defendants characterize as "[o]verwhelming documentation … presented to establish the separation of the corporation and its employees and incorporators," (D.E. 9, at 5).  When considering a motion to dismiss under Rule 12(b)(6), however, the court must limit its focus to the allegations of the complaint.  Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978).  As such, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  Alt. Energy, Inc. v. St. Paul Fire and

---

[1] Rule 12(b)(6) and (7) permit defenses by motion for, respectively, "failure to state a claim upon which relief can be granted" and "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(6), (7).
[2] Defendants' request for ten days to translate exhibits is moot.

Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).[3]  In contrast, the purpose of a motion for summary judgment is to determine whether there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  As such, the request to dismiss defendants C. William Dey and Abigail González under Rule 12(b)(6) is **DENIED WITHOUT PREJUDICE**.  Defendants may file a motion for summary judgment on this issue "after adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II.    RULE 12(B)(7)

Defendants also argue that the complaint should be dismissed under Rule 12(b)(7) because MAPFRE PRAICO, Inc., is a non-diverse indispensable party under Rule 19(b).[4]  "It is well settled law" that defendants, as the parties moving for dismissal, bear the burden of "show[ing] the need to join the absent party." Kmart Corp. v. Rivera-Alejandro Architects & Engineers, 174 F.R.D. 242, 244 (D.P.R. 1997).  In this case, defendants have failed to meet their burden.

First, defendants do not articulate how the joinder of MAPFRE PRAICO, Inc., as a defendant would destroy complete diversity.  Complete diversity is destroyed with "'the presence in the action of a single plaintiff from the same State as a single defendant.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 21 (1st Cir. 2008) (quoting Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)).  According to the amended complaint, plaintiffs are

---

[3] There are, however, narrow exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Alt. Energy, 267 F.3d at 33 (internal quotation omitted).  When the complaint relies upon a document whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss. Id.  Because plaintiffs have not "'admitted the authenticity of [the] document[s]'" and defendants have not shown that any of the other exceptions are applicable, the court may not consider defendants' exhibits in ruling on the pending motion to dismiss. Watterson v. Page, 987 F.2d 1, 4 (1st Cir. 1993) (quoting Berk v. Ascott Inv. Corp., 759 F.Supp. 245, 249 (E.D.Pa. 1991)).

[4] Curiously, the pending motion was filed while MAPFRE PRAICO, Inc., was still a named defendant, (see D.E. 1), before plaintiffs filed a notice of voluntary dismissal of MAPFRE PRAICO, Inc., and a motion for leave to file an amended complaint excluding said party, (compare D.E. 9 with D.E. 12, 13).

residents of New Jersey.  (D.E. 15, ¶ 1).  At no point in their motion do defendants argue that MAPFRE PRAICO, Inc., is also a resident of New Jersey for purposes of diversity jurisdiction. The original complaint makes no mention of the residence of MAPFRE PRAICO, Inc.[5]  (See D.E. 1).  Thus, defendants have not established why "the action … should be dismissed."  Fed. R. Civ. P. 19(b).

Moreover, regardless of whether the joinder of MAPFRE PRAICO, Inc., is feasible under Rule 19(b), defendants have not shown why said entity is a required party at this stage of the proceedings.  Fed. R. Civ. P. 19(a).  According to Rule 19(a), MAPFRE PRAICO, Inc., is a necessary party if its absence would prevent the court from "accord[ing] complete relief among existing parties," "impair or impede the [entity]'s ability to protect [its] interest" in the action, or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest" of the entity.  Fed. R. Civ. P. 19(a).  In light of the fact that the claims between plaintiffs and MAPFRE PRAICO, Inc., have been disposed of by settlement, (see D.E. 12), it is not readily apparent that the latter "claims an interest relating to the subject of the action" any longer.  Fed. R. Civ. P. 19(a)(1)(B); see Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd., 570 F.3d 219, 232 (5th Cir. 2009) (finding no abuse of discretion in denying motion to join certain parties, where they "no longer even have a stake in the outcome of this litigation" because of an agreement with plaintiff).

Nor have defendants shown how the absence of MAPFRE PRAICO, Inc., would prevent the court from according relief among plaintiffs and the existing defendants.  Defendants contend that, "[i]f any responsibility must be directed to Defendants BEA, [MAPFRE PRAICO, Inc.,] must be called to attend the inquires [sic] or claims upon the Builders Risk insurance agreement."  (D.E. 9, at 15).  Similarly, defendants point out that plaintiffs filed the instant suit

---

[5] The amended complaint does not include MAPFRE PRAICO, Inc., as a defendant.  (See D.E. 15).

against MAPFRE PRAICO, Inc., "for allegations that this insurance company might be responsible." (D.E. 9, at 13).  Again, however, plaintiffs have represented that they have entered into an agreement with MAPFRE PRAICO, Inc., stipulating to "the coverage under the Builder's Risk Bond." (D.E. 12).  Defendants have not provided any reason why MAPFRE PRAICO, Inc., might nonetheless be implicated by a finding of liability with respect to defendants.  Moreover, "[t]he philosophy of Rule 19 is to avoid dismissal whenever possible."  <u>W. Auto Supply Co. v. Noblex Adver., Inc.</u>, 173 F.R.D. 338, 343 n.4 (D.P.R. 1997).  Because defendants have failed to establish that the joinder of MAPFRE PRAICO, Inc., would defeat diversity jurisdiction and that said entity is a necessary party under Rule 19(a), defendant's request under Rule 12(b)(7) is **DENIED**.

  **IT IS SO ORDERED.**

  In San Juan, Puerto Rico, this 5th day of April, 2013.

           <u>s/Marcos E. López  </u>
           U.S. Magistrate Judge