IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERT MAGEE, et al.,

    Plaintiffs,

    v.

BEA CONSTRUCTION, CORP., et al.,

    Defendants.

CIVIL NO. 12-1738 (MEL)

**OPINION AND ORDER**

On December 28, 2013, plaintiffs filed a motion for leave to file an amended complaint, which was granted on January 3, 2013. ECF Nos. 13; 14. The court ordered plaintiffs to serve the amended complaint on defendants. See id. As of August 6, 2013, there is no evidence on the record that plaintiffs have complied with said order. On June 13, 2013, defendants filed a motion requesting dismissal of the case for failure to comply with said order. ECF No. 35. As of August 6, 2013, no response has been filed.

On July 21, 2013, plaintiffs were ordered to show cause by July 24, 2013, as to why the complaint should not be dismissed for lack of diligent prosecution. ECF No. 38. On July 29, 2013, defendants filed a motion to dismiss on the basis of plaintiffs' failure to comply with the order to show cause. ECF No. 39. As of August 6, 2013, no response has been filed to the order to show cause and defendants' renewed motion to dismiss.

"A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution …." Zavala Santiago v. González Rivera, 553 F.2d 710, 712 (1st Cir. 1977). "[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal) …." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.

2002) (affirming dismissal with prejudice); see also Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4–5 (1st Cir. 2002) (noting that dismissal with prejudice for want of prosecution is appropriate when, for instance, there has been "defiance of court orders" or warnings have been ignored).

In light of plaintiffs' failure to comply with the court's orders (ECF Nos. 14; 38), defendants' motion to dismiss (ECF No. 35) is hereby **GRANTED** and all of plaintiffs' claims and causes of action are **DISMISSED WITH PREJUDICE** for lack of prosecution.  Because defendants' counterclaim is based solely on state law and does not exceed the jurisdictional amount, see ECF No. 8, ¶¶ 27–31, the court declines to exercise supplemental jurisdiction over such counterclaim.  See Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 (1st Cir. 1995) (holding that a federal court has jurisdiction over a counterclaim if pursuant to supplemental jurisdiction or an independent basis for federal jurisdiction).  As such, defendants' counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of August, 2013.

s/Marcos E. López<br>U.S. Magistrate Judge