IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERT MAGEE, et al.,

    Plaintiffs,

        v.                                     CIVIL NO.: 12-1738 (MEL)

BEA CONSTRUCTION CORP. et al.,

    Defendants.

**OPINION AND ORDER**

Additional disputes between the parties have arisen in the case of caption, which has already been the source of an exceptionally protracted and circuitous procedural history. The following is a summary of the numerous controversies and impediments that have prevented efficient and straightforward litigation of the underlying breach of contract dispute. The first such controversy arose on December 28, 2012, with Robert and Zoraida Magee ("plaintiffs") seeking leave to file an amended complaint against BEA Construction Corp., C. William Dey, and Abigail González ("defendants") and moving for entry of default against them for failing to file a responsive pleading. ECF No. 13. On January 3, 2013, the court ordered plaintiffs to serve the amended complaint on defendants and denied plaintiffs' motion for entry of default against them. On May 6, 2013, defendants also moved for an entry of default against plaintiffs, citing to plaintiffs' failure to answer defendants' counterclaim for breach of contract or to otherwise explain the reasons for failing to do so. ECF No. 28. Plaintiffs then filed an untimely answer to the counterclaim on May 15, 2013, and the court subsequently noted said answer and denied defendants' motion for entry of default. ECF Nos. 31; 32; 33.

On June 13, 2013, defendants moved to dismiss the claims against them for failure to comply with a court order and for want of prosecution, stating plaintiffs failed to serve the amended complaint on them in compliance with the court's order within the relevant time period. ECF No. 35.  Defendants' motion to dismiss remained pending for over a month without any response to the same, and on July 21, 2013 the court ordered plaintiffs to show cause by July 24, 2013 as to why the complaint should not be dismissed for lack of diligent prosecution.  ECF No. 38.  Plaintiffs failed to file anything in response to the court's order within the applicable period, and on July 29, 2013 defendants again moved to dismiss the case.  ECF No. 39.  On August 6, 2013, the court granted defendants' motion to dismiss all of plaintiffs' claims and causes of action for lack of diligent prosecution, noting that as of said date: 1) there was no evidence in the record that plaintiffs had complied with either the January 3, 2013 order to serve the amended complaint on defendants, 2) plaintiffs had not filed a response to defendants' June 13, 2013 motion requesting dismissal of the case for failure to comply with said order, 3) plaintiffs had not filed a response to the court's order to show cause, and 4) plaintiffs had not filed a response to of defendants' renewed motion to dismiss.  ECF No. 40.  On August 9, 2013, the court entered judgment dismissing all plaintiffs' claims and causes of action for lack of diligent prosecution with prejudice and defendants' counterclaim without prejudice.  ECF No. 42.

On August 13, 2013—two months after defendants originally moved to dismiss and over seven months after plaintiffs were ordered to serve the amended complaint on defendants— plaintiffs filed a motion for reconsideration of the dismissal stating, *inter alia*, that counsel for plaintiffs ("counsel Reichard") had experienced a problem with the electronic case filing system ("CM/ECF"), which he had brought to the attention of the Clerk's office.  ECF No. 44.  On August 30, 2013, a hearing was held regarding the motion for reconsideration.  ECF No. 49.

Prior to the commencement of said hearing, the court advised counsel Reichard as to the standard operating procedures regarding filings in CM/ECF and ordered him to obtain training on how to electronically file documents in CM/ECF within seven days of the hearing. Id. At the hearing, the court vacated the Opinion and Order and the judgment dismissing the case. Id. The court imposed sanctions in the amount of $300 on counsel Reichard, to be reimbursed to the defense for the payments incurred in the preparation of the motion to dismiss and for defense counsel's appearance in court for the hearing. Id. Plaintiffs were granted leave to serve the amended complaint by September 13, 2013. Id. The court also noted that all discovery in the case of caption had to be concluded by October 15, 2013. Id.

On September 12, 2013 plaintiffs moved for an extension of time until September 20, 2013 to serve the amended complaint on defendants, and the court granted said request. ECF Nos. 52; 53. Defendants filed a motion in opposition and moved for the court to reconsider the extension of time. ECF No. 54. On September 17, 2013, the court denied defendants' motion to reconsider, but warned plaintiffs to ensure that the summons had been properly issued to avoid unnecessary delay and granted plaintiffs until September 19, 2013 to submit a motion requesting the issuance of a new summons. ECF Nos. 55; 56. On September 18, 2013, new summons were issued with respect to defendants C. William Dey and Abigal González. ECF No. 60. On September 20, 2013, plaintiffs submitted a copy of the summons returned unexecuted along with a sworn statement of the process server detailing efforts he made to serve the summons on defendants. ECF No. 62. The court noted the summons returned unexecuted and ordered plaintiffs to clarify whether they were seeking service of summons by publication, and plaintiffs subsequently added a motion for service by publication. ECF Nos. 66; 67. On October 23, 2013, upon a review of the sworn statement the court denied the request for service by

publication, because the vast majority of the events detailing the process server's efforts occurred before the summons were even issued. ECF No. 87. Plaintiffs were given one last chance to serve summons on defendants by November 8, 2013.

On October 16, 2013—prior to having served the amended complaint on defendants—plaintiffs filed a motion for sanctions for failure to cooperate in discovery, alleging, *inter alia*, that defense counsel ("counsel Valenzuela") called and cancelled the first scheduled inspection of defendants' warehouse "at the very last minute" and counsel Valenzuela cancelled said inspection a second time without "even a courtesy call explaining why". ECF No. 69. Before the court ruled on said motion, plaintiffs filed another motion for sanctions against defendants related to various discovery disputes. ECF No. 80. On October 23, 2013, the court denied both of plaintiffs' motions for sanctions as premature, in light of the fact that the preliminary issue regarding service of the amended complaint still remained pending at the time said motions were filed. ECF Nos. 84; 85.

On September 25, 2013, also prior to the resolution of the service of summons issue, plaintiffs filed a motion for partial summary judgment that failed to comply with Local Rule 56, including the requirement that motions for summary judgment be accompanied by a proposed statement of material facts supported by specific citations to evidence in the record. ECF No. 63. The court denied said motion for partial summary judgment as premature, given that the service of summons issue had yet to be resolved. ECF No. 65. On October 18, 2013, also prior to the resolution of the issue regarding the service of the amended complaint, plaintiffs filed another motion for partial summary judgment, which again failed to comply with Local Rule 56. ECF No. 71. The court struck the motion from the record as premature. ECF No. 82.

On October 30, 2013, plaintiffs filed a motion informing the court that it had served summons for the amended complaint on defendants. On November 12, 2013, a status conference was held to discuss pending matters and to facilitate the remainder of discovery, given the significant issues which had already arisen in the case of caption at that time, and that the previously set discovery deadline had already expired. ECF No. 110. The parties were informed that discovery would conclude by December 2, 2013, except that defendants could await the receipt of medical records from the hospital. Id. At the conference, the court denied plaintiffs' motion for reinstatement of its motion for summary judgment (ECF No. 98), as it was once again premature and not in compliance with the Local Rule 56. Id. The parties were warned that the court expects them to comply strictly with Local Rule 56 for all motions for summary judgment and responses. Id. at 2. The court also provided counsel for the parties with copies of said Local Rule. The deadline to file cross-motions for summary judgment was set for January 13, 2014. Id. at 3.

On November 15, 2013, defendants filed an answer to the second amended complaint and a counterclaim, with a prayer for relief that the amended complaint be dismissed because the construction contract contained a clause that any claim against defendants should be brought in an arbitration proceeding and that plaintiffs failed to exhaust administrative proceedings before filing in a judicial forum. ECF No. 111. On November 18, 2013, plaintiffs filed a motion to dismiss the counterclaim for lack of jurisdiction arguing it is based solely on state law and does not meet the amount in controversy requirement. ECF No. 112. The court denied said motion to dismiss the counterclaim pursuant to Fed. R. Civ. P. 13(a), but noted that there is no justification for counsel Valenzuela's failure to bring the matter to the court's attention in the recent status conference, particularly in light of the already protracted procedural history in the case of

5

caption. ECF No. 113. The court ordered plaintiffs to answer said counterclaim no later than December 5, 2013 and to inform the court by said date whether they need to conduct any discovery regarding the counterclaim. ECF Nos. 113; 115.

On November 20, 2013, plaintiffs filed a motion to strike the affirmative defenses related to the existence of their construction contract with plaintiffs, arguing that a copy thereof had never been mentioned or provided to plaintiffs. ECF No. 116. The court denied the motion to strike, but ordered defendants to file a motion submitting a copy of the contract containing the arbitration clause and to explain by December 2, 2013 why the request for arbitration had not been waived after nearly a year of litigation in federal court. ECF No. 120. Upon a review of the construction contract defendants submitted and its motion in compliance (ECF Nos. 124; 124-1), the court concluded that defendants failed to present any convincing argument that the case should be sent to arbitration, considering: (1) that the document presented was an unsigned proposal; (2) that the arbitration / mediation clause within it appears to be voluntary; and (3) in light of the excessive amount of time that had transpired in the case before the arbitration matter was brought to the court's attention. ECF No. 135.

On November 20, 2013, plaintiffs also requested for the court to order defendants to confirm that inspection of their warehouse would be held either December 10, 2013 or December 13, 2013, detailing several failed attempts to coordinate a date and time for said inspection with Counsel Valenzuela. ECF No. 116. On November 21, 2013, plaintiffs averred that defendants' counterclaim required plaintiffs to conduct discovery consisting of the inspection of defendants' warehouse, in addition to the pending matters discussed at the status conference on November 12, 2013. ECF No. 122. On that same day, the court ordered the parties to coordinate the inspection of the warehouse no later than December 13, 2013. ECF No. 123. On December 10,

2013, plaintiffs filed a third motion for sanctions against defendants, averring that they made at least three requests to schedule the inspection subsequent to the courts' order, without successfully scheduling the inspection. ECF No. 130. On December 12, 2013, the court denied said motion for sanctions as premature, for failure to comply with Local Rule 26(b), and because the deadline conduct said inspection had yet to expire. ECF No. 134. Due to the proximity of the deadline, counsel Valenzuela was ordered to contact counsel Reichard to coordinate the inspection no later than the following day at noon. Id. Counsel Valenzuela filed a motion in compliance with the court's order, informing the court that the parties had already agreed for the inspection to take place on December 18, 2013 at 10 A.M. ECF No. 138.

Counsel Reichard also filed another motion for partial summary judgment with nearly eighty single-page, unlabeled exhibits and no discernable means of sorting among them. ECF Nos. 131; 132; 133. Despite the court's warning that it expects the parties to strictly comply with Local Rule 56 for all summary judgment motions, plaintiffs' motion once again failed to so comply. The motion for partial summary judgment was again stricken from the record, and plaintiffs were order to re-file their motion within the applicable deadline for motions for summary judgment that had been previously set by the court (January 13, 2014). ECF No. 139. Due to the utter unmanageability of plaintiffs' previous filings, on December 13, 2013 the court ordered plaintiffs to submit all exhibits in support of their motion for partial summary judgment in a single docket entry, and for the citations to the record within it to refer exclusively to the exhibits proffered in said docket entry. Id.

On December 23, 2013, plaintiffs moved a fourth time for sanctions, detailing additional problems counsel Reichard faced in coordinating the inspection of the warehouse, implying that the inspection failed to occur on December 18, 2013, as scheduled, and accusing defendants of

"purposely feet-dragging [*sic*] attempting to exhaust and defeat plaintiffs' right to the inspection." ECF No. 140. Defendants filed a response in opposition to the motion for sanctions, averring that counsel Valenzuela contacted counsel Reichard on December 18, 2013 to inquire as to why the scheduled inspection did not take place, to which counsel Reichard expressed that he had not known about the scheduled inspection and that counsel Reichard requested another date. ECF No. 142. In support of the opposition, defendants submitted evidence of an e-mail exchange advising counsel Valenzuela that the inspection would be held "on 18 at 10". ECF No. 142-1. On January 21, 2014, the court subsequently denied plaintiffs' motion for sanctions (ECF No. 140). ECF No. 157.

Plaintiffs also re-filed a motion for summary judgment on January 21, 2014, over a week after the deadline for cross-motions for summary judgment and over a month after the court ordered plaintiffs to re-submit their motion within the applicable deadline. ECF Nos. 151; 152; 153; 158. Not only was plaintiffs' motion untimely, citing to a weak internet signal in Vieques as the reason for the prolonged delay, but it also failed to comply with the court's order to file all exhibits in a single docket entry. The motion for partial summary judgment and attachments not only span four docket entries, but are again unlabeled, requiring the court or opposing counsel to open each of exhibits in an attempt to find to what plaintiffs are referring in a particular citation.[1] Plaintiffs' refusal to comply with the court's directives is especially unacceptable in view of the lenience shown to them throughout the duration of this litigation, i.e. in vacating the previous dismissal of the case due to his earlier difficulties with CM/ECF and in view of the court's

---

[1] Plaintiffs' motion for partial summary judgment is accompanied by a "Notice and Listing of Exhibits" and a "Notice for Additional Exhibits" which fail to correspond to the CM/ECF exhibit numbers. See ECF Nos. 151, at 1-2; 158. For example, there are multiple exhibits numbered 1-8 in different docket entries, which contain different documents from each other. The list includes exhibit numbers 17-19, which have no equivalent exhibit numbers in any of the three docket entries relating to the motion for partial summary judgment. Plaintiffs' statement of uncontested facts uses exhibit number 1-20, which are equally as difficult to match up with the exhibits submitted. Overall, plaintiffs' method of filing and citing to exhibits is nearly unintelligible.

8

explicit warning regarding the form of and deadline for filing said motion for summary judgment (ECF No. 139).

On January 24, 2014, defendants filed a motion in opposition to plaintiffs' motion for partial summary judgment, requesting sanctions or dismissal of plaintiffs' action for failure to comply with the court's orders regarding the filing of its documents. ECF No. 162. Additionally, defendants requested a reorganization of the documents submitted by plaintiffs. Id. In making its request for dismissal of plaintiffs' action for refusal to comply with the court's orders, defendants overlook deficiencies with their own motion for summary judgment and ignore the fact that the court warned counsel for both parties that it expects strict compliance with Local Rule 56 for all summary judgment motions and responses in this case. ECF Nos. 110; 147. Three of defendants' proposed uncontested facts are not accompanied by any citation whatsoever, as required by Local Rule 56(e). ECF Nos. 147, at ¶¶ 12-14. With regard to those which are accompanied by a citation, defendants' motion fails to provide specific references to page numbers or paragraphs of the material supporting the assertion, also in violation of Local Rule 56(e).[2] ECF Nos. 147, at ¶¶ 9; 15. Furthermore, six of defendants' exhibits are in the Spanish language and are not accompanied by certified translations in English.[3] ECF Nos. 147-1; 147-3; 147-4; 147-10; 147-11; 146-15. This court cannot consider documents filed in the Spanish language without certified translations. D.P.R. Local Rule 5(g); see e.g., González-De-

---

[2] While this may be permissible for single-page exhibits, defendants also submit multi-page exhibits totaling up to 21 pages in length, to which they do not provide specific citations in support of their assertions. ECF Nos. 147-3; 147-5; 147-8; 147-10; 147-11; 146-13.

[3] Defendants' memorandum in support of its motion for summary judgment also contains citations to six local cases in the Spanish language, without providing translations of the same. In fact, a review of their brief reveals that the majority of their argument in support of summary judgment relies on propositions of law from untranslated opinions in the Spanish language. See ECF No. 147, at 7-11. Defendants' argument for summary judgment is based on the corporate lift doctrine, the successor employer doctrine, and the doctrine of "single employer," as purportedly applied by the Puerto Rico Supreme Court, and defendants cite almost exclusively to untranslated opinions in support of the applicability of said doctrines to the facts of this case. Id. Defendants' failure to provide translations of the propositions of law on which their motion for summary judgment lies constitutes an independent ground for not granting said motion. Puerto Rican for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) ("[T]he failure of defendants to provide a translated copy of a critical decision alone warranted denial of their motion.").

Blasini v. Family Dept, 377 F.3d 81, 89 (1st Cir. 2004) (finding district court should not have considered Spanish language documents); Puerto Rican for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).  Two weeks after filing their motion for summary judgment, defendants have proffered no explanation for the failure to submit certified translations for these exhibits in accordance with the Local Rules, and have not requested an extension of time to do so.

In the most recent installment of the saga of this litigation, nearly two months before the trial date and after the deadline for cross-motions for summary judgment has passed, the parties' finger-pointing regarding the scheduling of the warehouse inspection continues.  On January 21, 2014, the same day the court denied plaintiffs' fourth motion for sanctions, plaintiffs filed a fifth motion for sanctions, stating that counsel Reichard attempted a last inspection of defendants' warehouse on said date, and counsel Valenzuela refused to comply with the request for inspection without advancing a plausible reason not to do so.  ECF No. 160.  Defendants present evidence that counsel Reichard knew the address of said warehouse.  ECF 161-2.  On January 28, 2014, plaintiffs submitted an affidavit, presumably from an inspector, swearing that on January 21, 2014 at 10:00 he went to the address given to him, which had been given in turn to counsel Reichard by counsel Valenzuela and that every neighbor he spoke with told him that BEA Construction had no such warehouse nearby.  ECF No. 166.  The court admonishes counsel for both sides for their abject inability to work together to arrange the details of this pending discovery matter in order to facilitate a resolution of this case.  Over two months after the court ordered counsel for the parties to coordinate the inspection of the warehouse no later than December 13, 2013 the inspection is still yet to transpire, in direct violation of said order.  Counsel for both parties were warned of the court's expectation that they comply strictly with Local Rule 56, and with respect to plaintiffs that they submit their exhibits in an organized

fashion, within a single docket entry and within the applicable deadline. As discussed above, they have each failed to comply with the court's orders and rules regarding the form and content of their motions for summary judgment. Based on the foregoing and in light of the unfortunate manner with which counsel for the parties have conducted this litigation, sanctions are imposed on all parties, and thus the cross-motions for summary judgment (ECF Nos. 145; 151) shall be stricken from the record. The parties shall not be allowed to file any additional motions for summary judgment in this case.

An evidentiary hearing shall be held on February 20, 2014 at 9:00 A.M. regarding the unnecessary disputes between the counsel of record on what should have been a simple the inspection of a warehouse.[4] The parties are put on notice that if the court finds that one or both of the parties acted in bad faith or with a lack of diligence, severe sanctions will be imposed on the parties and / or the attorneys themselves, including but not limited to monetary sanctions and / or dismissal of claims. If, however, the parties certify to the court in a <u>joint</u> motion filed by February 13, 2014 that they have resolved the dispute and the inspection has been conducted, the court will consider the possibility of vacating the hearing.

Because of the various delays that have transpired in the case thus far, the deadline for filing the Proposed Joint Pretrial Order shall be advanced to February 19, 2014. Proposed *voir dire*, proposed verdict forms, and proposed jury instructions shall be filed by March 7, 2014.[5] The parties are forewarned that if they do not comply <u>strictly</u> with the directives regarding the

---

[4] The parties are expected to come to the evidentiary hearing prepared with any witnesses and documents necessary to support their contentions. If said witnesses are not fluent in the English language, a certified interpreter must be provided by the party calling the witness. If said documents are no in the English language, certified translations must be provided by the date of the hearing.

[5] Proposed jury instructions must be accompanied by citations to the legal authority that supports them. If such legal authority is in the Spanish language, certified translations must be filed along with the proposed jury instructions.

"Joint Pretrial Order", on pages 12-15 of the case management order (ECF No. 18)[6] they will be subject to sanctions, including but not limited to monetary sanctions and dismissal of claims. The case shall proceed to trial on April 8, 2014 at 9:00 A.M.

    IT IS SO ORDERED

In San Juan, Puerto Rico, this 4th day of February, 2014.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[6] The parties are reminded that the dates contained within said case management order have since been altered. As noted in the minutes for the initial scheduling conference held on April 16, 2013 (ECF No. 26), however, the directives of the court's case management order (ECF No. 18) continue to apply.