IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERT MAGEE, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 12-1738 (MEL) |
| BEA CONSTRUCTION CORP. | |
| Defendant. | |

**ORDER**

On May 20, 2014, judgment was entered for plaintiffs against BEA Construction Corp. for the amount of $150,000.00. ECF No. 265. This judgment was affirmed by the United States Court of Appeals for the First Circuit on August 5, 2015. ECF No. 290. On December 12, 2015, Mr. Héctor Figueroa Casiano ("Mr. Figueroa") was appointed as special master for executing the judgment. ECF No. 197, at 1. Further specificity with respect to real estate and moveable property was required before the court would authorize attachment of the same. Specifically, with regard to real estate, plaintiffs were required submit the precise description of the real estate as it appears in the registry of property before the court will put a lien on the same. Id. at 2. With regard to all other real property, plaintiffs were required to clarify that any property being attached is in the exclusive name of BEA Construction Corp. and clarify where such property will be stored, who will pay any applicable warehousing expenses, whether the items will be insured and, if so, to what extent and who shall be responsible for the payment. Id. Plaintiffs have requested a reconsideration of aspects of this Order. ECF No. 299.

First plaintiffs assert that they, with the assistance of Mr. Figueroa, "would be responsible for storage, safekeeping and warehousing expenses of any personal property attached in execution of the judgment entered in favor of plaintiffs against defendants." Id. at 3. Upon the understanding that Mr. Figueroa, as special master, will be obligated to conduct himself in accordance with these responsibilities, including arranging proper storage and safekeeping, the motion for reconsideration on this issue is GRANTED. Mr. Figueroa shall attach, on plaintiffs' behalf, any real or moveable property (which is not to include real estate) that are solely and exclusively in the name of BEA Construction Corporation, not to exceed the judgment amount of $150,000.00 plus legal interest.

Next plaintiffs contend that nothing in the Federal Rules of Civil Procedure, Local Rules, or applicable Puerto Rico law require the specificity the Order required with respect to real estate. Id. at 3. Plaintiffs argue that the "rationale not to require such specificity before an Order of attachment is issued is that it is relatively easy for a defendant or judgment debtor to transfer, convey or pass on title over any such real property to a third party once an Order of attachment is issued." Id. Thus, plaintiffs conclude "orders and writs of execution of judgment in State Court are customarily issued in fairly general or 'blanket' terms, so as to provide parties executing a judgment the widest possible latitude . . . ." Id.

"The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Puerto Rico Rule of Civil Procedure 56 governs attachments both pre- and post- judgment. "Rule 56.1 states that 'the court may issue any provisional order it may deem necessary' and 'shall consider the interests of all the parties and shall adjudicate as substantial justice may require.'" Detersol, S.A. de C.V. v.

Benso Corp., No. CIV. 11-1341 MEL, 2011 WL 4371917, at *3 (D.P.R. Sept. 19, 2011) (quoting 32 L.P.R.A.App. III R. 56.) This is a flexible standard that allows the court "ample discretion." Vera-Vélez v. Díaz-Sánchez, No. CIV. 06-2127 (SEC), 2009 WL 2929337, at *2 (D.P.R. Sept. 8, 2009). Plaintiffs do not argue that any provision of either federal or Puerto Rico law or procedure affirmatively creates a standard that post-judgment writs of attachments must be issued absent a description of the property. Rather, plaintiffs appear to argue that the court should exercise this broad discretion and issue a blanket writ of attachment for real estate.

The request for reconsideration is hereby GRANTED IN PART and DENIED IN PART. For purposes of executing the judgment, plaintiffs' are authorized to attach any real estate property in which BEA Construction Corporation has a sole, majority, or controlling interest. Plaintiffs are, of course, welcome to take advantage of Federal Rule of Civil Procedure 69(a)(2), which allows discovery to be obtained from any person, including the judgment debtor in order to determine whether any property has been transferred in an attempt to avoid the execution of judgment in this case.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 1st day of July, 2016.

                s/Marcos E. López
                U.S. Magistrate Judge